IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISAMARIE GRAFSTROM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHIQUITA BRANDS INTERNATIONAL, INC., et al. | : | NO. 11-387 |

MEMORANDUM

Bartle, C.J.                                                    April 13, 2011

       Plaintiff originally filed her complaint in the Court of Common Pleas of Philadelphia County. She seeks damages as a result of consuming tainted bagged salad, which she purchased at Cropper's Supermarket in Chester County, Pennsylvania. Defendants Chiquita Brands International, Inc., Chiquita Brands, LLC and Fresh Express, Inc. timely removed the action to this court based on diversity of citizenship. Plaintiff is a citizen of Pennsylvania. The defendants are citizens of both Delaware and Ohio. "Croppers Supermarket," which was also named as a defendant, is not a legal entity.

       Before the court is the motion of plaintiff for leave to file an amended complaint adding Nell's Inc. and Associated Wholesalers, Inc. as defendants. Nell's Inc., a citizen of Pennsylvania, operates Cropper's Supermarket. Associated Wholesalers, Inc., also a citizen of Pennsylvania, is the parent company of Nell's Inc. and the lessee of the supermarket property.

Title 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder."  In analyzing questions of joinder under 28 U.S.C. § 1447(e), district courts in this circuit regularly apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).  See, e.g., Montalvo v. Doe, No. 10-2617, 2010 U.S. Dist. LEXIS 106143 (E.D. Pa. Oct. 5, 2010); Midthassel v. Aramark Corp., No. 09-5515, 2010 U.S. Dist. LEXIS 59324 (D.N.J. June 15, 2010); Doe No. 4 v. Soc'y for Creative Anachronism, Inc., 2007 U.S. Dist. LEXIS 53644 (E.D. Pa. July 23, 2007);  Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002); Kahhan v. Mass. Cas. Ins Co., No. 01-1128, 2001 U.S. Dist. LEXIS 18561 (E.D. Pa. Nov. 14, 2001).  The Hensgens factors are:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  See Hensgens, 833 F.2d at 1182.

First, any attempt to join Associated Wholesalers, Inc. as a defendant would be futile.  There is no basis for holding liable for a defective product the lessee of the property where the defective product was sold.

Second, based on the factors set out in Hensgens v. Deere & Co., we find that the circumstances of this case weigh in favor of denying plaintiff's request to amend her complaint to add Nells Inc. Plaintiff's attempt to join Nell's Inc. appears to be for the sole purpose of destroying diversity of citizenship. While the claim arose in Chester County where plaintiff resides, her counsel has engaged in forum shopping by filing this action in Philadelphia County. Furthermore, plaintiff will not suffer any harm if Nells Inc. is not joined. Based on the record before the court, defendants Chiquita Brands International, Inc., Chiquita Brands, LLC and Fresh Express, Inc. have sufficient assets to satisfy any judgment in favor of plaintiff.

Accordingly, we will deny plaintiff's motion to amend her complaint.